MAYER, Circuit Judge,
dissenting.
Because the structure of Surgilance’s One-Step reads onto the structure disclosed in the ’249 patent, I would affirm the district court’s judgment of infringement. Surgilance has merely taken the ’249 device and cocked it halfway before importing it. Claim 1, however, is a means-plus-function claim, not a method claim. Thus, the relative position of the spring at the time of importation is irrelevant. Read properly, claim 1 does not require a relaxed spring; it only requires that when the spring is relaxed “the lance is in a first retracted position within the body.”
I also do not agree with the interpretation of a means-plus-function claim as requiring both corresponding structure and a particular state, such as cocked, on, loaded, or charged. If means-plus-function claims are interpreted in this manner, it would allow the foreign production and importa *350 tion of items with identical structure, but altered states. For example, an otherwise infringing retractable pen could be imported with the tip retracted. According to the court’s reasoning, the pen would not function as described in the claims when the tip is retracted and would, therefore, not infringe.
Therefore, and because the district court’s claim construction correctly captures the structure provided in the specification, I dissent.